434 F.2d 607
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Jackson FROST, Defendant-Appellant.
 No. 30017 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5th Cir., 1970,
 
 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 12, 1970.
 Elno A. Smith, Jr., Montgomery, Ala., for defendant-appellant.
 Ira deMent, U.S. Atty., D. Broward Segrest, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant was found guilty of knowingly transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. 2312 and sentenced to five years imprisonment. The only substantial issue before the jury was whether appellant knew the automobile to be stolen since there was uncontroverted testimony that the car was stolen and then transported from Georgia into Alabama.
 
 
 2
 To prove the element of knowledge, the government presented several witnesses one of whom was an agent of the F.B.I., Eugene J. Lewandowski. The agent had questioned appellant as to how he came to possess the stolen vehicle and appellant had replied that the car was purchased from a Bobby Joe Smith who lived at an Atlanta address. Lewandowski then told the jury, over objection by defense counsel, that he checked the Atlanta address and found that a Bobby Joe Smith had never lived at the location. Out of the presence of the jury, the court discovered that Lewandowski based this testimony on statements by an apartment resident manager that a Mr. Smith had not lived at the address in question. The court then instructed the jury to disregard as hearsay Lewandowski's conclusion regarding Smith's residence and restricted further testimony by the agent to statements that an examination of the rental records revealed no evidence of a Bobby Joe Smith having lived at the address.
 
 
 3
 In this appeal appellant contends that, despite the curing instruction, the trial judge committed reversible error by allowing Lewandowski to state conclusions based on what the resident manager told him. We cannot agree. Generally error in the admission of evidence may be cured by an appropriate instruction, Nash v. United States, 8 Cir., 1969, 405 F.2d 1047, and under Rule 52(a), Federal Rules of Criminal Procedure, Title 18 U.S.C., such error may be disregarded where it does not affect the substantial rights of the defendant. The hearsay evidence admitted at appellants trial did not create substantial prejudice because the government's case was equally strong without the hearsay, i.e., Agent Lewandowski validly testified that he examined the rental records which did not show the name of Bobby Joe Smith. See United States v. Press, 2 Cir., 1964, 336 F.2d 1003, where the court stated:
 
 
 4
 'One of the main considerations in deciding if substantial prejudice exists because of the introduction of hearsay material is the strength of the Government's case independent of the hearsay.' 336 F.2d at 1013.
 
 
 5
 Appellant also attacks his conviction on the ground that the evidence before the jury was insufficient to support the verdict. However, considering the testimony in the light most favorable to the government, Tillman v. United States, 5 Cir., 1969, 406 F.2d 930, 939, we find the evidence adequate since the government concededly proved that the automobile was stolen, and that the defendant possessed it and transported it in interstate commerce. The jury was left to determine by looking at the credibility of the witnesses whether appellant had knowledge that the car was stolen and it is not the province of this court to examine credibility choices. Tillman v. United States, supra.
 
 The judgment of the district court is
 
 6
 Affirmed.